IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ROBERT ALLEN DANENBERG,      )
                             )
       Plaintiff,            )
                             )
v.                           )   CV 119-118
                             )
MEMBERS OF THE GEORGIA BOARD OF )
PARDONS AND PAROLES, in their official )
capacity,                    )
       Defendants.[1]        )

## ORDER

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) Upon initial review of Plaintiff's complaint, the Court was unable to determine whether he was attempting to assert a petition for habeas corpus relief or a civil rights claim pursuant to 42 U.S.C. § 1983. (See doc. no. 5.) On August 12, 2019, the Court ordered Plaintiff to clarify whether he was intending to proceed with a habeas corpus petition or a § 1983 complaint. (Id.) The Court directed the Clerk to include the form habeas corpus petition and civil complaint attached to its August 12th Order. (Id.)

Plaintiff initially filed an objection and a motion to set aside and vacate the August 12th Order, and a thirteen-page exhibit completely unrelated to his initial filing. (Doc. nos. 6, 7, 8.) In Plaintiff's objection and Motion to Set Aside and Vacate the Court's August 12th Order, Plaintiff indicated he wished to bring a § 1983 complaint in light of his pending

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption

habeas petition in Savannah, Georgia. (Doc. nos. 6, 7.) Subsequently, on August 23, 2019, Plaintiff filed a proper response to the Court's August 12th Order by filing an amended complaint using the civil complaint form provided to him in the Court's August 12th Order. (Doc. no. 9.) Therefore, because Plaintiff complied with the Court's August 12th Order, Plaintiff's objections are **OVERRULED** and his motion to set aside and vacate the order is **DENIED AS MOOT**. (Doc. nos. 6, 7.)

Plaintiff's amended complaint supersedes and replaces in its entirety the original complaint. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). The amended complaint names all members of the Georgia Board of Pardons and Paroles as Defendants in their official capacities. (Doc. no. 9.) Because the Board is located in Atlanta, Georgia, the proper venue is the United States District Court for the Northern District of Georgia. 28 U.S.C. § 1391(b). In the interest of justice, instead of dismissing this action, the Court **ORDERS** it **TRANSFERRED** to the Northern District of Georgia. 28 U.S.C. § 1406(a). The Court also **DIRECTS** the Clerk to immediately forward the file to that District.

SO ORDERED this 30th day of August, 2019, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

of this Order, which is consistent with Plaintiff's amended complaint. (Doc. no. 9.)